UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  08-20200-CIV  COOKE/BANDSTRA

GRAZIA ANTONELLA BOCCIOLONE *et al.*,

     *Plaintiffs*,

v.

JAY SOLOWSKY *et al.*,

     *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' SECOND MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants Jay H. Solowsky and Petnoy, Solowsky & Allen, P.A.'s second Motion to Stay Discovery [DE 42], filed June 10, 2008.  On April 28, 2008, those same Defendants filed their first Motion to Stay Discovery [DE 28], in which they argued that all discovery should be stayed until the Court ruled on the Defendants' Motion to Dismiss [DE 24], filed April 21, 2008.  However, the Court summarily denied Defendants' first Motion to Stay Discovery, *see* DE 32, because their Motion to Dismiss had not been fully briefed at that time.  The Motion to Dismiss is now fully briefed.  Defendants have revived their Motion to Stay Discovery, and the time is ripe for the Court to consider the merits of the parties' arguments.

In their Motion to Stay, Defendants assert that discovery with respect to Plaintiffs' five claims against them "will be unusually expensive and time-consuming" for the parties.  *See* DE 42.  Relying almost exclusively on the language of *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997), Defendants argue that all Rule 12(b)(6) motions should be resolved prior to proceeding with discovery.  However, if that were not the case, they contend that it would be especially appropriate to stay discovery here.

On June 27, 2008, Plaintiffs filed their Response [DE 46], in which they argue that, absent movant showing prejudice, neither the Local Rules for the Southern District of Florida nor the Federal Rules of Civil Procedure support staying discovery pending resolution of a Rule 12(b)(6) motion. Moreover, Plaintiffs assert that Defendants' Motion to Stay Discovery should be denied because Defendants fail to demonstrate any specific burden or prejudice that would result if discovery were allowed to proceed.

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Id.* at 1366. Consistent with that discretion, the court in *Chudasama* did not hold that discovery should be stayed in all cases pending resolution of any motion to dismiss. To the contrary, the Eleventh Circuit explained that, as part of its duty to effectively manage its cases, a district court should consider the burdens of discovery associated with each claim and the validity of those claims. *Id.* at 1368-69. The plaintiffs' fraud claim in that case was an extreme example, and the court stated that "even the most cursory review" of that claim revealed that it was "novel and of questionable validity." *Id.* at 1368. Additionally, that court reproached the lower court, stating that the district court "should have noted that the fraud count dramatically enlarged the scope" of discovery. *Id.* Finally, that court concluded that the Plaintiffs' fraud claim "was dubious enough to require the district court to rule on [Defendants'] motion to dismiss prior to entering" an order to compel discovery. *Id.* at 1369.

Since the Eleventh Circuit handed down *Chudasama*, it has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion. *See Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F. 3d 1267, 92 (11th Cir. 2005) (recognizing that "every claim has the potential to enlarge the scope and cost of discovery," and that the need to resolve a facially challenged claim before discovery is based on the

extent to which the claim expands discovery); *Gannon v. Flood*, No. 08-60059, 2008 U.S. Dist. LEXIS 31016, at *1-3 (S.D. Fla. Mar. 24, 2008); *S.K.Y. Mgmt. LLC v. Greenshoe, LTD*, No. 06-21722, 2007 U.S. Dist. LEXIS 5109, at *3-4 (S.D. Fla. Jan. 24, 2007) (suggesting that the movant's burden to sustain his motion to stay discovery pending resolution of a dispositive motion is a function of the validity of the plaintiff's claim and the projected scope of discovery associated with the claim); *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 U.S. Dist. LEXIS 47014, at *5 (M.D. Fla. June 28, 2007).  Therefore, *Chudasama* does not revoke a district court's "broad discretion" with respect to Rule 12(b)(6) motions and this Court is not automatically required to resolve such motions before allowing discovery to proceed.

The Court recognizes that Defendants have made a facial attack on each of Plaintiffs' claims against them.  *See Chudasama*, 123 F. 3d at 1367 (recognizing that a 12(b)(6) motion to dismiss is a facial challenge).  I further acknowledge the Eleventh Circuit's *special* emphasis on pre-discovery resolution of *facial* challenges.  *See Id.*  In *Chudasama*, however, the defendants filed their motion to dismiss, and over a year and a half passed without the court ever ruling on it.  *Id.* at 1359-60. Furthermore, despite frequent reminders to the court that the motion was pending, the court only acknowledged the motion one time (over nine months after it was filed).  *Id.* at 1360.  Here, Defendants' Motion to Dismiss has only been pending since June 6, 2008.  Additionally, Defendants filed their second Motion to Stay Discovery on June 10, 2008 (just *four days* after their Motion to Dismiss was fully briefed).  The procedural posture here is a far cry from the bizarre situation in *Chudasama*, and this Court has not unduly delayed any rulings in this case.

In order to prevail on a motion to stay discovery, the movant must show that "good cause and reasonableness" support a stay.  *McCabe v. Foley*, 233 F.R.D. 683, 85 (M.D. Fla. 2006).  Absent a "specific showing of prejudice or burdensomeness" by the movant, Appendix A to our Local Rules

recommends that "unilateral motion[s] to stay discovery pending a ruling on [a] dispositive motion" should be denied.  S.D. Fla. L.R. app. A. Discovery Practices Handbook, I(D)(5) (2008).  In evaluating whether the moving party has met its burden, a court "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery." *McCabe*, 233 F.R.D. at 685.  This entails taking a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* Also, a motion to stay discovery, such as Defendants' present Motion, "is rarely appropriate unless resolution of the motion will dispose of the entire case." *Id*; *see also S.K.Y. Mgmt.*, 2007 U.S. Dist. LEXIS 5109 at *6.

Defendants have failed to satisfy their burden to sustain their Motion to Stay Discovery. They claim that discovery will be "unusually expensive and time-consuming" and they support those claims by mentioning that some of their witnesses and documents are located out-of-state and even out-of-country.  *See* DE 42.  However, because Defendants' Motion to Dismiss could, at most, only dispose of the claims against Defendants Jay H. Solowsky and Petnoy, Solowsky & Allen, P.A., it could not possibly "result in a resolution of the entire case."  *S.K.Y. Mgmt.*, 2007 U.S. Dist. LEXIS 5109 at *6.  Moreover, the Court has taken a cursory examination of the merits of Defendants' Motion to Dismiss and there is sufficient reason to question whether Defendants' Motion will prevail on all claims against Defendants Jay H. Solowsky and Petnoy, Solowsky & Allen, P.A.[1]  Because resolution of Defendants' Motion to Dismiss could not possibly resolve the entire case and because

---

[1]  Although quantity is not dispositive of quality, simple recognition of the length of the parties' respective motions and responses is also a good indication here that the Motion is not clearly meritorious (Defendants needed 35 pages to argue their Motion to Dismiss and Plaintiffs required 27 pages to argue their Response).

Defendants' Motion for Leave to File Motion to Dismiss in Excess of 20 Pages [DE 22] is granted *nunc pro tunc*.  Also, *both* parties should be advised that the appropriate procedure for filing memoranda of excessive length is set forth in S.D. Fla. L.R. 7.1.C.2.

there is sufficient reason to question whether it will even dispose of all claims against these

Defendants, it would be improper for the Court to stay discovery pending resolution of that Motion.

The Court, having reviewed the motion and being advised fully in the premises, hereby **ORDERS**

**AND ADJUDGES** that the Defendants' Motion to Stay Discovery [DE 42] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Defendants' Motion for Leave to File Motion to Dismiss in

Excess of 20 Pages [DE 22]  is **GRANTED** *nunc pro tunc*.

        **DONE AND ORDERED** in Chambers, at Miami, Florida, this 24th day of July, 2008.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*